COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO.: 2285CV00663 C

NORFOLK & DEDHAM MUTUAL FIRE )
INSURANCE COMPANY as subrogee of )
LTI HARVARD, INC., )
 )
    Plaintiff, )
 )
v. )
 )
BREN-TRONICS, INC., and )
SAFT AMERICA, INC., )
 )
    Defendants. )
 )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Norfolk & Dedham Mutual Insurance Company ("Norfolk & Dedham"), is an insurance company duly authorized to issue policies of insurance within the state of Massachusetts with a principal place of business located at 222 Ames Street, Dedham, Massachusetts 02026.

2. The Defendant, Bren-Tronics, Inc. ("Bren-Tronics"), is a corporation formed under the laws of the State of New York with a principal place of business located at 10 Brayton Court, Commack, New York 11725.

3. The Defendant, Saft America, Inc. ("Saft"), is a corporation formed under the laws of the Delaware with a principal place of business located at 850 New Burton Road, Suite 201, Dover, Kent, Delaware 19904.

### JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in Worcester County, Massachusetts as the Plaintiff's cause of action against the Defendants originates from events that took place in Harvard, Massachusetts and arises from the Defendants transacting business in Worcester County in the Commonwealth of Massachusetts.

## FACTS

5. On March 11, 2019, Norfolk & Dedham issued a renewal of commercial policy P011810946 ("Policy") to LTI Harvard, Inc. ("LTI Harvard") for the period March 11, 2019 thru March 11, 2020.

6. An endorsement to commercial policy P011810946 lists LTI Harvard AppleWorks Limited Partnership and LTI Harvard Orchard Limited Partnership as additional Named Insureds.

7. The Policy insured the property located at 325 Ayer Road, Harvard, Massachusetts 01451 ("Subject Property").

8. The Subject Property is a multi-occupancy, mixed-use commercial building located at 325 Ayer Road in Harvard, Massachusetts.

9. On September 30, 2018, LTI Harvard Appleworks Limited Partnership and/or its agents and representatives signed a commercial lease agreement with Peng Li of Galley Power L.L.C. ("Galley Power") to lease a 1,784 square foot suite at the Subject Property to Galley Power.

10. Galley Power is a battery technology company whose wide-ranging operations include the testing of batteries by charging and discharging them in a battery test chamber.

11. On the evening of June 14, 2019, Galley Power began testing two lithium-ion batteries inside the test chamber at Galley Power's 325 Ayer Street facility.

12. One of the batteries was designed, manufactured, and/or sold by Bren-Tronics while the other battery was designed, manufactured, and/or sold by Saft.

13. At around 1:00am on June 15, 2019, the lithium-ion batteries exploded inside the charging and discharging chamber.

14. The explosion started a fire that spread through the Subject Property causing burn, smoke, soot, water, and/or odor damage to approximately ten (10) units—as well as common areas—at the Subject Property.

15. As a result of the explosion, five tenants were forced to move out of the Subject Property causing the Insured to incur the loss of their rent payments for the period of their displacement.

16. Following the June 15, 2019 loss, LTI Harvard submitted an insurance claim to Norfolk & Dedham for $523,589.65 worth of damages resulting from the incident.

17. Norfolk & Dedham, as the first-party insurer of the Subject Property, was caused to indemnify LTI Harvard for $523,589.65.

2

18. Norfolk & Dedham is now subrogated to the rights of LTI Harvard and seeks recourse from the Defendants, as well as any other party legally liable for damages arising out of the June 15, 2019 loss.

### COUNT I [Bren-Tronics]
*Negligence*

19. The Plaintiff repeats and re-avers the allegations set forth in the previous paragraphs as if fully set forth herein.

20. Bren-Tronics is a battery manufacturer and seller that, according to its website, takes pride in its ability to provide battery solutions for "the most extreme conditions." Bren-Tronics markets itself as a heavy-duty battery manufacturer to elicit contracts from private and public entities, including the United States government, looking for tough, durable batteries.

21. When Bren-Tronics began manufacturing and selling its batteries, it imposed upon itself a duty to take reasonable care when manufacturing and selling its batteries so as to eliminate foreseeable dangers which subject users of Bren-Tronics batteries and the general public to an unreasonable risk of injury.

22. Bren-Tronics breached this duty when it failed to take reasonable care in implementing quality control processes that effectively assured a defective battery would not be sold to consumers and/or placed in the stream of commerce.

23. Bren-Tronics's failure to implement a quality control process that effectively assured the quality of its batteries caused a defective and unreasonably dangerous battery to be sold and/or placed in the stream of commerce.

24. Galley Power tested this defective battery under the assumption it was testing the safe, durable battery capable of withstanding extreme temperatures that had been placed into the stream of commerce by Bren-Tronics.

25. Galley Power used a test procedure that simulated the charging and draining of the Bren-Tronics battery in a manner consistent with its advertised uses.

26. The defective Bren-Tronics battery exploded during Galley Power's test procedure and caused severe fire, soot, smoke, odor, and water damage to the Subject Property.

27. Norfolk & Dedham was caused to indemnify LTI Harvard in the amount of $523,589.65 for property and loss of use damages LTI Harvard suffered as a result of the Bren-Tronics battery explosion.

**WHEREFORE**, the Plaintiff, Norfolk & Dedham Mutual Fire Insurance Company, as subrogee of LTI Harvard, demands judgment against Bren-Tronics for $523,589.65 in damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

## COUNT II [Saft]
*Negligence*

28. The Plaintiff repeats and re-avers the allegations set forth in the previous paragraphs as if fully set forth herein.

29. Saft is a battery manufacturer and seller that, according to its website, "makes the most powerful lithium-ion (Li-ion) cells and batteries, able to operate in unregulated outdoor conditions at extreme temperatures, hot or cold..." Saft markets itself as a heavy-duty battery manufacturer to elicit contracts from private and public entities, including the United States government, looking for batteries that can endure extreme conditions.

30. When Saft began manufacturing and selling its batteries, it imposed upon itself a duty to take reasonable care when manufacturing and selling its batteries so as to eliminate foreseeable dangers which subject users of Saft batteries and the general public to an unreasonable risk of injury.

31. Saft breached this duty when it failed to take reasonable care in implementing quality control processes that effectively assured a defective battery would not be sold to consumers and/or placed in the stream of commerce.

32. Saft's failure to implement a quality control process that effectively assured the quality of its batteries caused a defective and unreasonably dangerous battery to be sold and/or placed in the stream of commerce.

33. Galley Power tested this defective battery under the assumption it was testing the safe, durable battery capable of withstanding extreme temperatures that had been placed into the stream of commerce by Saft.

34. Galley Power used a test procedure that simulated the charging and draining of the Saft battery in a manner consistent with its advertised uses.

35. The defective Saft battery exploded during Galley Power's test procedure and caused severe fire, soot, smoke, odor, and water damage to the Subject Property.

36. As a result of Saft's negligence, Norfolk & Dedham was caused to indemnify LTI Harvard in the amount of $523,589.65 for property and loss of use damages LTI Harvard suffered as a result of the Saft battery explosion.

**WHEREFORE**, the Plaintiff, Norfolk & Dedham Mutual Fire Insurance Company, as subrogee of LTI Harvard, demands judgment against Saft for $523,589.65 in damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

### COUNT III [Bren-Tronics]
*Breach of Implied Warranty*

37. The Plaintiff repeats and re-avers the allegations set forth in the previous paragraphs as if fully set forth herein.

38. Mass. Gen. Laws. Ch. 106, § 2-314 codifies into every merchant sale of goods a "warranty that the goods shall be merchantable" so long as "the seller is a merchant with respect to goods of that kind."

39. Mass. Gen. Laws. Ch. 106, § 2-314 defines "merchantable good" to mean that the good must:

> (a) pass without objection in the trade under the contract description; and
>
> (b) in the case of fungible goods, are of fair average quality within the description; and
>
> (c) are fit for the ordinary purposes for which such goods are used; and
>
> (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
>
> (e) are adequately contained, packaged, and labeled as the agreement may require; and
>
> (f) conform to the promises or affirmations of fact made on the container or label if any.

40. Bren-Tronics is a merchant with respect to batteries.

41. Bren-Tronics's sale of its lithium-ion battery contained an implied warranty of merchantability.

42. Bren-Tronics breached this implied warranty of merchantability when it sold and/or placed into the stream of commerce an unmerchantable battery.

43. Bren-Tronics's lithium-ion battery proved itself to be unmerchantable when it exploded under an ordinary purpose for which the good is used (charging and discharging the battery) and failed to be of even quality with the average Bren-Tronics battery of its kind.

5

44. Mass. Gen. Laws. Ch. 106, § 2-318 states that "[l]ack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller, lessor or supplier of goods to recover damages for breach of warranty, express or implied..." so long as "the plaintiff was a person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods."

45. The Plaintiff's breach of implied warranty claim is proper because the owner of the building in which Bren-Tronics's battery was being tested is well within the reasonable range of imaginable entities that could be impacted by a critical, explosive failure of Bren-Tronics's battery.

46. As a result of Bren-Tronics's breach of its implied warranty of merchantability, and the ensuing property fire it caused, Norfolk & Dedham was caused to indemnify LTI Harvard in the amount of $523,589.65 for damages LTI Harvard suffered as a result of the Bren-Tronics battery explosion.

**WHEREFORE**, the Plaintiff, Norfolk & Dedham Mutual Fire Insurance Company, as subrogee of LTI Harvard, demands judgment against Bren-Tronics for $523,589.65 in damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

## COUNT III [Saft]
*Breach of Implied Warranty*

47. The Plaintiff repeats and re-avers the allegations set forth in previous paragraphs as if fully set forth herein.

48. Mass. Gen. Laws. Ch. 106, § 2-314 codifies into every merchant's sale of goods a "warranty that the goods shall be merchantable" so long as "the seller is a merchant with respect to goods of that kind."

49. Mass. Gen. Laws. Ch. 106, § 2-314 defines "merchantable good" to mean that the good must:

> (a) pass without objection in the trade under the contract description; and
>
> (b) in the case of fungible goods, are of fair average quality within the description; and
>
> (c) are fit for the ordinary purposes for which such goods are used; and
>
> (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
>
> (e) are adequately contained, packaged, and labeled as the agreement may require; and

6

(f) conform to the promises or affirmations of fact made on the container or label if any.

50. Saft is a merchant with respect to batteries.

51. Saft's sale of its lithium-ion battery contained an implied warrant of merchantability.

52. Saft breached this implied warranty of merchantability when it sold and/or placed into the stream of commerce an unmerchantable battery.

53. Saft's lithium-ion battery proved itself to be unmerchantable when it exploded under an ordinary purpose for which the good is used (charging and discharging the battery) and failed to be of even quality with the average Saft battery of its kind.

54. Mass. Gen. Laws. Ch. 106, § 2-318 states that "[l]ack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller, lessor or supplier of goods to recover damages for breach of warranty, express or implied…" so long as "the plaintiff was a person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods."

55. The Plaintiff's breach of implied warranty claim is proper because the owner of the building in which Saft's battery was being tested is well within the reasonable range of imaginable entities that could be impacted by a critical, explosive failure of Saft's battery.

56. As a result of Saft's breach of its implied warranty of merchantability, and the ensuing property fire it caused, Norfolk & Dedham was caused to indemnify LTI Harvard in the amount of $523,589.65 for damages LTI Harvard suffered as a result of the Saft battery explosion.

**WHEREFORE**, the Plaintiff, Norfolk & Dedham Mutual Fire Insurance Company, as subrogee of LTI Harvard, demands judgment against Saft for $523,589.65 in damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

Plaintiff,
Norfolk & Dedham Mutual Fire Insurance Company a/s/o LTI Harvard, Inc.,
By its Attorney,

*/s/ Edward A. Bopp*
Edward A. Bopp, BBO #672367
MONAHAN & ASSOCIATES, P.C.
113 Union Wharf East
Boston, MA 02109
(617) 227-1500
ebopp@monahanlaw.net

Date: June 14, 2022