UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ | CIVIL ACTION |
| ) | NO. 1:22-cv-11669 |
| NORFOLK & DEDHAM MUTUAL FIRE ) | |
| INSURANCE COMPANY, as subrogee of ) | |
| LTI HARVARD, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BREN-TRONICS, INC. and ) | |
| SAFT AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ANSWER OF DEFENDANT, SAFT AMERICA, INC., TO THE COMPLAINT OF
PLAINTIFF, NORFOLK & DEDHAM MUTUAL FIRE INSURANCE
COMPANY, AS SUBROGEE OF LTI HARVARD, INC., CROSS-CLAIM, AND
JURY CLAIM**

Defendant, Saft America, Inc. ("Saft"), through its undersigned counsel, hereby files

its Answer and Affirmative Defenses to the Complaint of Plaintiff, Norfolk & Dedham

Mutual Fire Insurance Company, as subrogee of LTI Harvard, Inc.'s ("Plaintiff"), and

respectfully submits as follows:

**PARTIES[1]**

1.      To the extent that the allegations set forth in Paragraph 1 of the Complaint call for

a conclusion of law or do not pertain or relate to Saft, no response is required; otherwise,

---

[1] Saft is including the headings used in Plaintiff's Complaint for ease of reference.  Saft expressly denies the truth of
any allegations contained in such headings.

Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

2.      To the extent that the allegations set forth in Paragraph 2 of the Complaint call for a conclusion of law or do not pertain or relate to Saft, no response is required; otherwise, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

3.      To the extent that the allegations set forth in Paragraph 3 of the Complaint call for a conclusion of law, no response is required.  Notwithstanding the foregoing, Saft states that it is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 850 New Burton Road, Suite 201, Dover, Kent County, Delaware 19904.

## JURISDICTION AND VENUE

4.      The allegations set forth in Paragraph 4 of the Complaint are questions of law which do not require a response from Saft.  Saft respectfully refers all questions of law to this Honorable Court.

## FACTS

5.      To the extent that the allegations set forth in Paragraph 5 of the Complaint call for a conclusion of law, do not pertain or relate to Saft, or reference a document which best speaks for itself, no response is required.  Insofar as the allegations are directed to Saft and a response is required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

{00484083.DOCX}

6.       To the extent that the allegations set forth in Paragraph 6 of the Complaint call for a conclusion of law, do not pertain or relate to Saft, or reference a document which best speaks for itself, no response is required.  Insofar as the allegations are directed to Saft and a response is required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

7.       To the extent that the allegations set forth in Paragraph 7 of the Complaint call for a conclusion of law, do not pertain or relate to Saft, or reference a document which best speaks for itself, no response is required.  Insofar as the allegations are directed to Saft and a response is required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

8.       To the extent that the allegations set forth in Paragraph 8 of the Complaint call for a conclusion of law or do not pertain or relate to Saft, no response is required.  Insofar as the allegations are directed to Saft and a response is required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

9.       To the extent that the allegations set forth in Paragraph 9 of the Complaint call for a conclusion of law, do not pertain or relate to Saft, or reference a document which best speaks for itself, no response is required.  Insofar as the allegations are directed to Saft and a response is required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

10.      No response to Paragraph 10 of the Complaint is required as the statements contained therein does not constitute an allegation and do not pertain or relate to Saft.

Notwithstanding the foregoing, insofar as a response may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the statements contained therein and calls upon Plaintiff to prove same.

11.   No response to Paragraph 11 of the Complaint is required as the statements contained therein does not constitute an allegation and do not pertain or relate to Saft. Notwithstanding the foregoing, insofar as a response may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the statements contained therein and calls upon Plaintiff to prove same.

12.   To the extent that the allegations set forth in Paragraph 12 of the Complaint do not relate or pertain to Saft, no response is required; otherwise, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

13.   To the extent that the allegations set forth in Paragraph 13 of the Complaint do not relate or pertain to Saft, no response is required; otherwise, Saft denies the allegations contained therein and calls upon Plaintiff to prove same.

14.   To the extent that the allegations set forth in Paragraph 14 of the Complaint do not relate or pertain to Saft, no response is required.  Insofar as the allegations are directed to Saft and seek to infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.

15.   To the extent that the allegations set forth in Paragraph 15 of the Complaint do not relate or pertain to Saft, no response is required.  Insofar as the allegations are directed to

Saft and seek to infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.

16.     To the extent that the allegations set forth in Paragraph 16 of the Complaint do not relate or pertain to Saft and reference a document which best speaks for itself, no response is required.  Insofar as the allegations are directed to Saft and seek to infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.

17.     To the extent that the allegations set forth in Paragraph 17 of the Complaint call for a conclusion of law or do not relate or pertain to Saft, no response is required.  Insofar as the allegations are directed to Saft and seek to infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.

18.     To the extent that the allegations set forth in Paragraph 18 of the Complaint call for a conclusion of law or do not relate or pertain to Saft, no response is required.  Insofar as the allegations are directed to Saft and seek to infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.

## COUNT I [Bren-Tronics]
*Negligence*

19.     In response to Paragraph 19 of the Complaint, Saft incorporates and repeats its responses to Paragraphs 1 through 18 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

20.     To the extent that the allegations set forth in Paragraph 20 of the Complaint do not pertain or relate to Saft and reference documents, marketing materials, and websites which best speak for themselves, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

21.     To the extent that the allegations set forth in Paragraph 21 of the Complaint do not pertain or relate to Saft or call for a conclusion of law, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

22.     To the extent that the allegations set forth in Paragraph 22 of the Complaint do not pertain or relate to Saft or call for a conclusion of law, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

23.     To the extent that the allegations set forth in Paragraph 23 of the Complaint do not pertain or relate to Saft or call for a conclusion of law, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

24.     To the extent that the allegations set forth in Paragraph 24 of the Complaint do not pertain or relate to Saft, call for a conclusion of law, or reference documents which best

speak for themselves, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

25.     To the extent that the allegations set forth in Paragraph 25 of the Complaint do not pertain or relate to Saft and reference documents which best speak for themselves, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

26.     To the extent that the allegations set forth in Paragraph 26 of the Complaint do not pertain or relate to Saft or call for a conclusion of law, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

27.     To the extent that the allegations set forth in Paragraph 27 of the Complaint do not pertain or relate to Saft or call for a conclusion of law, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

## COUNT II [Saft]
*Negligence*

28.     In response to Paragraph 28 of the Complaint, Saft incorporates and repeats its responses to Paragraphs 1 through 27, inclusive, as set forth above, as if set forth in full herein.

29.     To the extent that the allegations set forth in Paragraph 29 of the Complaint reference documents, marketing materials, and websites which best speak for themselves, no response is required.  Insofar as a responsive pleading may be required, Saft states that it, in part, manufactures and sells lithium-ion batteries to private and public entities.  To the extent that the allegations seek to infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.

30.     To the extent that the allegations set forth in Paragraph 30 of the Complaint call for a conclusion of law, no response is required.  Notwithstanding the foregoing, insofar as the allegations state a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.

31.     To the extent that the allegations set forth in Paragraph 31 of the Complaint call for a conclusion of law, no response is required.  Notwithstanding the foregoing, insofar as the allegations state a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.  Further responding, Saft specifically denies any failure or breach of quality control processes with respect to its subject battery(ies).

32.     To the extent that the allegations set forth in Paragraph 32 of the Complaint call for a conclusion of law, no response is required.  Notwithstanding the foregoing, insofar as the allegations state a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.  Further responding, Saft specifically denies that its subject battery(ies) was defective or unreasonably dangerous.

33.     To the extent that the allegations set forth in Paragraph 33 of the Complaint call for a conclusion of law, no response is required.  Notwithstanding the foregoing, insofar as the allegations infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.  Further responding, Saft specifically denies that its subject battery(ies) was defective or unreasonably dangerous.

34.     To the extent that the allegations set forth in Paragraph 34 of the Complaint reference documents and advertising materials which best speak for themselves, no response is required; otherwise, Saft denies the allegations contained therein and calls upon Plaintiff to prove same.

35.     To the extent that the allegations set forth in Paragraph 35 of the Complaint call for a conclusion of law, no response is required; otherwise, Saft denies the allegations contained therein and calls upon Plaintiff to prove same.

36.     To the extent that the allegations set forth in Paragraph 36 of the Complaint call for a conclusion of law and reference documents and payments which best speak for

themselves, no response is required; otherwise, Saft denies the allegations contained therein and calls upon Plaintiff to prove same.

## COUNT III [Bren-Tronics]
### *Breach of Implied Warranty*

37.     In response to Paragraph 37 of the Complaint, Saft incorporates and repeats its responses to Paragraphs 1 through 36, inclusive, as set forth above, as if set forth in full herein.

38.     To the extent that the allegations set forth in Paragraph 38 of the Complaint do not pertain or relate to Saft, call for a conclusion of law, or reference a statute which best speaks for itself, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

39.     To the extent that the allegations set forth in Paragraph 39, inclusive of subparts (a) through (f), of the Complaint do not pertain or relate to Saft, call for a conclusion of law, or reference a statute which best speaks for itself, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

40.     To the extent that the allegations set forth in Paragraph 40 of the Complaint do not pertain or relate to Saft or call for a conclusion of law, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

41.    To the extent that the allegations set forth in Paragraph 41 of the Complaint do not pertain or relate to Saft or call for a conclusion of law, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

42.    To the extent that the allegations set forth in Paragraph 42 of the Complaint do not pertain or relate to Saft or call for a conclusion of law, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

43.    To the extent that the allegations set forth in Paragraph 43 of the Complaint do not pertain or relate to Saft or call for a conclusion of law, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

44.    To the extent that the allegations set forth in Paragraph 44 of the Complaint do not pertain or relate to Saft, call for a conclusion of law, or reference a statute which best speaks for itself, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

45.     To the extent that the allegations set forth in Paragraph 45 of the Complaint do not pertain or relate to Saft or call for a conclusion of law, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

46.     To the extent that the allegations set forth in Paragraph 46 of the Complaint do not pertain or relate to Saft, call for a conclusion of law, or reference payments which best speaks for itself, no response is required.  Insofar as a responsive pleading may be required, Saft lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and calls upon Plaintiff to prove same.

### COUNT III [*sic.*] [IV] [Saft]
*Breach of Implied Warranty*

47.     In response to Paragraph 47 of the Complaint, Saft incorporates and repeats its responses to Paragraphs 1 through 46, inclusive, as set forth above, as if set forth in full herein.

48.     To the extent that the allegations set forth in Paragraph 48 of the Complaint call for a conclusion of law or reference a statute which best speaks for itself, no response is required.  Notwithstanding the foregoing, insofar as the allegations infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.  Further responding, Saft specifically denies that its subject battery(ies) was defective, unreasonably dangerous, or otherwise not merchantable.

49.     To the extent that the allegations set forth in Paragraph 49, inclusive of subparts (a) through (f), of the Complaint call for a conclusion of law or reference a statute which best speaks for itself, no response is required.  Notwithstanding the foregoing, insofar as the allegations infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.  Further responding, Saft specifically denies that its subject battery(ies) was defective, unreasonably dangerous, or otherwise unmerchantable.

50.     To the extent that the allegations set forth in Paragraph 50 of the Complaint call for a conclusion of law or reference a statute which best speaks for itself, no response is required.  Insofar as a responsive pleading may be required, Saft states that its business, in part, includes the sale of batteries.

51.     To the extent that the allegations set forth in Paragraph 51 of the Complaint call for a conclusion of law, no response is required.  Notwithstanding the foregoing, insofar as the allegations infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.  Further responding, Saft specifically denies that its subject battery(ies) was defective, unreasonably dangerous, or otherwise unmerchantable.

52.     To the extent that the allegations set forth in Paragraph 52 of the Complaint call for a conclusion of law, no response is required; otherwise, Saft denies the allegations contained therein and calls upon Plaintiff to prove same.  Further responding, Saft specifically denies that its subject battery(ies) was defective, unreasonably dangerous,

unmerchantable, or that its sale constituted breach of any applicable implied or express warranty of merchantability.

53.     To the extent that the allegations set forth in Paragraph 53 of the Complaint call for a conclusion of law, no response is required; otherwise, Saft denies the allegations contained therein and calls upon Plaintiff to prove same.

54.     To the extent that the allegations set forth in Paragraph 54 of the Complaint call for a conclusion of law or reference a statute which best speaks for itself, no response is required.  Notwithstanding the foregoing, insofar as the allegations infer a duty, breach of a duty, or liability on the part of Saft for Plaintiff's alleged damages, Saft denies the allegations and calls upon Plaintiff to prove same.

55.     To the extent that the allegations set forth in Paragraph 55 of the Complaint call for a conclusion of law, no response is required; otherwise, Saft denies the allegations contained therein and calls upon Plaintiff to prove same.

56.     To the extent that the allegations set forth in Paragraph 56 of the Complaint call for a conclusion of law and reference documents and payments which best speak for themselves, no response is required; otherwise, Saft denies the allegations contained therein and calls upon Plaintiff to prove same.

## AFFIRMATIVE DEFENSES TO COUNTS II AND IV

By way of further answer, Saft sets forth the following Affirmative Defenses to Counts II and IV of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Alteration/Improper Use)**

Saft has no control over the maintenance, handling, or use of its products.  Saft further states that if there was any defect or deficiency to a product manufactured by Saft, at the time of the incident alleged, such defect or deficiency did not relate to the original design, manufacture or sale of the product or of any problems undertaken by Saft, but on the contrary, the result is of other acts or omissions on the part of others for whom Saft is not responsible including negligent or faulty maintenance, handling, use, or alteration.

### THIRD AFFIRMATIVE DEFENSE
**(Written Warnings)**

No warnings or instructions were required because any claimed danger would be apparent to an ordinary user.  However, Saft provided written warnings against the particular uses, misuses, or abuses by the Plaintiff of the battery(ies) that is the subject of the Complaint.  The warnings and instructions were sufficient to inform an ordinary user of the risk of harm.  The risk of harm was one that an ordinary user would reasonably expect.

## FOURTH AFFIRMATIVE DEFENSE
### (Negligence of Others)

The occurrence, injuries and damages claimed by Plaintiff were proximately caused by the acts, omissions, fault and/or negligence of Plaintiff and/or other third parties over whom Saft had no right to control.

## FIFTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Plaintiff was the sole proximate cause of the occurrence, injuries and damages claimed by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE
### (Superseding/Intervening Cause)

Any injury was due to and proximately caused and occasioned by the intervening and/or superseding cause, negligence and/or recklessness of a party or parties other than Saft.  Such intervening and/or superseding cause, negligence and/or recklessness was/were the sole and proximate cause of the injuries sustained by Plaintiff, and therefore, Plaintiff cannot recover against Saft.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims and damages may be limited, in whole or in part, by the Plaintiff's failure to mitigate its damages and said failure caused, aggravated, and/or exacerbated its alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

Plaintiff assumed the risk of the injuries and damages claimed as a result of the events set forth in the Complaint and its assumption of risk bars or reduces its recovery on all non-negligence claims.

**NINETH AFFIRMATIVE DEFENSE**
**(Setoff)**

Saft invokes its right to a reduction in any dollar verdict which may be rendered in this case by credit for payments made to the Plaintiff by other persons or entities, or by percentage reductions to which Saft would be entitled as a result of a jury finding against Plaintiff or parties other than Saft.  Saft reserves its right to submit issues against parties, including the Plaintiff, and other parties who may be absent from this case at the time the case is submitted to the jury.

**TENTH AFFIRMATIVE DEFENSE**
**(Compliance with Government Standards)**

The subject battery(ies) and all component parts complied with all federal, state, and local codes, government and industry standards, regulations, specifications and statutes regarding the manufacture, sale and use of the product at all times pertinent to this action.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Misuse/Abuse)**

Plaintiff is not entitled to recover, or its damages may be reduced proportionally, to the extent any alleged damages or injuries were caused by the misuse, abuse, failure to properly maintain or care for the products at issue herein, or substantial modification of the product.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join an indispensable party pursuant to Fed.R.Civ.P. 12(b)(7) and Fed.R.Civ.P. 19(a), and its Complaint must therefore be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Contributory/Comparative Negligence)

Plaintiff's own negligence proximately caused the injuries and damages complained of herein. In this regard, and generally, Saft hereby invokes the doctrine of contributory/comparative negligence, which reduces any recovery by Plaintiff proportionately to the fault attributed to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (No Duty to Plaintiff)

Saft denies that it owed a duty to Plaintiff as alleged; however, if it is determined that Saft owed Plaintiff a duty, Saft denies that the duty was breached. Saft was not negligent and acted with reasonable care under the facts and circumstances of this litigation.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute of limitation.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (Not Unreasonably Dangerous)

Plaintiff's recovery is barred, diminished or reduced to the extent that the dangers, if any, associated with the product referenced in Plaintiff's Complaint, were not unreasonable, were known by the Plaintiff, constituted commonly or generally known

dangers, were open or obvious, and because Plaintiff was a knowledgeable user of the product.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

Plaintiff's claims and alleged damages are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards and damages, caps on recovery, setoffs, and apportionment.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Follow User Instructions)

Plaintiff and/or some other person for whose conduct Saft was not and is not legally responsible failed to follow User Instructions.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Estoppel and Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Fit for Intended Use)

Saft denies liability for any implied warranty, as all goods sold by Saft were fit for the ordinary purposes for which such goods are used or intended.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Warranty of Merchantability)

To the extent that Saft had any obligations to Plaintiff or any other party, including but not limited to promises and obligations arising under applicable warranties of

merchantability, such obligations have been fully, completely, and properly performed in every respect.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Warranty Disclaimers/Limitations)

Plaintiff's warranty-based claims are barred, in whole or in part, by warranty disclaimers and/or warranty limitations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Unreasonable Use)

If Plaintiff can prove that the product was defective or not fit for its ordinary purpose as alleged, then Plaintiff unreasonably proceeded to use a product which they knew to defective or unfit, and that conduct was the cause of the damages alleged; Plaintiff is therefore barred from recovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Sophisticated User)

Plaintiff's claims against Saft are barred by the application of the sophisticated user or learned intermediary doctrine.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Releases/Reductions)

Saft pleads any and all releases entered, or to be entered into, by Plaintiff, as a reduction, in whole or in part, of any damages to which Plaintiff may be entitled to recover from Saft, it being specifically denied that Saft is liable to Plaintiff in any respect.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Saft for the negligent conduct of another entity or person.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Spoliation)

To the extent that Plaintiff failed to preserve any evidence referenced in the Complaint in its immediate post-incident condition, Plaintiff is guilty of spoliation and may not maintain an action against Saft.

## TWENTY-NINETH AFFIRMATIVE DEFENSE
### (Reasonably Foreseeable Use)

Saft's product performed as safely as an ordinary intended user would expect when used in an intended or reasonably foreseeable manner.

## THIRTIETH AFFIRMATIVE DEFENSE

It is specifically denied that Saft's product was in a defective or dangerous condition at the time it left the possession and/or control of Saft.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Saft's product may have been improperly serviced, repaired, or maintained, and/or subjected to abnormal, unreasonable, and unforeseeable use.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Right to Amend)

Saft reserves the right to amend its answer and plead additional or more specific affirmative defenses as warranted by the facts determined through the conclusion of the discovery process, including, to file such additional defenses, counterclaims, crossclaims, and/or third-party complaints as may be appropriate.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Complaint does not describe the subject claims with sufficient particularity to enable Saft to determine all of the grounds for its defense.  Saft therefore reserves its rights to assert any additional grounds for its defense that may become available once the precise nature of the claims of Plaintiff are ascertained.

**WHEREFORE**, Defendant, Saft America, Inc., having fully answered Plaintiff's Complaint, respectfully requests this Court to enter its Order:

1.      Dismissing Plaintiff's Complaint with prejudice;

2.      Awarding Saft its costs incurred in defending this action; and

3.      Awarding Saft such other relief as this Court deems just and proper.

## CROSS-CLAIM OF DEFENDANT, SAFT AMERICA, INC. AGAINST DEFENDANT, BREN-TRONICS, INC.

Pursuant to Fed.R.Civ.P. 13(g), Defendant/Cross-Claim Plaintiff, Saft America, Inc. ("Saft"), by and through its counsel, Michienzie & Sawin, LLC, asserts this following Cross-Claim against Defendant/Cross-Claim Defendant, Bren-Tronics, Inc. ("Bren-Tronics"), as follows:

1.      Plaintiff filed a Complaint in the above-entitled action asserting claims of negligence and breach of implied warranty, M.G.L. c. 106 § 2-314, against the defendants, Saft and Bren-Tronics, for damages allegedly sustained by Plaintiff.  Saft re-alleges and re-incorporates the allegations in Plaintiff's Complaint in this Cross-Claim, as though fully alleged herein.

2.      Saft, in its concurrently filed Answer to Plaintiff's Complaint, denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief against Saft as alleged, or otherwise.  Notwithstanding its denial of liability, Saft may be adjudged to incur response costs, remediation, and to pay damages, costs, and other relief in this action.

## COUNT I – CONTRIBUTION
### Saft against Bren-Tronics

3.      Saft incorporates and repeats the allegations in Paragraphs 1 through 2 of this Cross-Claim, inclusive, as set forth above, as if set forth in full herein.

4.      Saft states that if Plaintiff suffered injuries and/or damages as alleged in the Complaint, which Saft specifically denies, then said injuries and/or damages were caused by the negligence and/or breach of warranty of Bren-Tronics through its design, manufacture, and/or sale of its defective and unmerchantable battery to Plaintiff.

5.      If Saft is found liable for the damages allegedly sustained by Plaintiff, then Saft asserts that it was solely the result of Bren-Tronics negligence and/or breach of warranty, and that Bren-Tronics negligence and/or breach of warranty caused Plaintiff's damages, and thus, Bren-Tronics is a joint tortfeasor owing contribution to Saft.

6.      To the extent that Plaintiff receives a judgment or settlement against Saft, Saft is entitled to contribution from Bren-Tronics in accordance with the provisions of M.G.L. c. 231B, §§ 1-4.

WHEREFORE, Defendant/Cross-Claim Plaintiff, Saft America, Inc., demands judgment against Defendant/Cross-Defendant, Bren-Tronics, Inc., for damages and costs that may be adjudged against it in favor of Plaintiff.

## JURY DEMAND

Defendant, Saft America, Inc., requests a trial by jury on all issues so triable.  Fed.

R. Civ. P. 38.


By its attorney,

 */s/ Paul Michienzie*
Paul Michienzie, BBO# 548701
   pmichienzie@masatlaw.com
Richard E. Bennett, BBO# 037740
   rbennett@masatlaw.com
Adam C. Brandon, BBO# 625098
   abrandon@masatlaw.com
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: (617) 227-5660
Fax: (617) 227-5882

*Counsel for Defendant, Saft America, Inc.*


Dated:  October 21, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid on this the 21st day of October, 2022.

*/s/ Paul Michienzie*
Paul Michienzie