UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY, as subrogee of LTI HARVARD, INC.,<br><br>　　Plaintiff,<br><br>vs.<br><br>BREN-TRONICS, INC., and SAFT AMERICA, INC.,<br><br>　　Defendants. | DOCKET NO.: 1:22-cv-11669 |

**ANSWER OF DEFENDANT BREN-TRONICS, INC., TO COMPLAINT; DEMAND FOR TRIAL BY JURY AND CROSS-CLAIM**

COMES NOW Defendant Bren-Tronics, Inc., (hereinafter "Defendant"), and responds to Plaintiff's Complaint as follows:

**PARTIES**

1.　Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Plaintiff's Complaint.

2.　Admitted that Bren-Tronics is a corporation organized under the laws of New York with an office located at 10 Brayton Court, Commack, New York 11725. Otherwise denied as alleged.

3.　Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3 of the Plaintiff's Complaint.

## JURISDICTION AND VENUE

4. This paragraph calls for a legal conclusion and therefore no response is required. However, any allegation against Bren-Tronics of negligence or other wrongful conduct, either expressed or implied in this paragraph, is denied.

## FACTS

5. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18 of the Plaintiff's Complaint.

## **COUNT I**

19. The Defendant Bren-Tronics repeats and re-alleges its responses set forth above as if fully set forth herein.

20. Admitted that Bren-Tronics produces certain batteries, among other products. Otherwise, denied as alleged.

21. This paragraph calls for a legal conclusion and therefore no response is required. However, any allegation against Bren-Tronics of negligence or other wrongful conduct, either expressed or implied in this paragraph, is denied.

22. Denied.

23. Denied.

24. Defendant lacks sufficient information to admit or deny the allegation as to what Galley-Power was doing. Otherwise, denied, including that any alleged Bren-Tronics battery was defective.

25. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 of the Plaintiff's Complaint.

26. Denied.

27. Denied.

This paragraph is a demand for judgment to which no response is required.

## COUNT II

28. The Defendant Bren-Tronics repeats and re-alleges its responses set forth above as if fully set forth herein.

29.-36. Paragraphs 29-36 are directed to a defendant other than Bren-Tronics and thus no response is required. However, any allegation against Bren-Tronics of negligence or other wrongful conduct, either expressed or implied in these paragraphs, is denied.

## COUNT III

37. The Defendant Bren-Tronics repeats and re-alleges its responses set forth above as if fully set forth herein.

38. This paragraph purports to be a statement of law and therefore no response is required. However, any allegation against Bren-Tronics of negligence or other wrongful conduct, either expressed or implied in this paragraph, is denied.

39. (a)-(f) This paragraph purports to be a statement of law and therefore no response is required. However, any allegation against Bren-Tronics of negligence or other wrongful conduct, either expressed or implied in this paragraph, is denied.

40. This paragraph purports to be a statement of law and therefore no response is required. However, any allegation against Bren-Tronics of negligence or other wrongful conduct, either expressed or implied in this paragraph, is denied.

41. This paragraph calls for a legal conclusion and therefore no response is required. However, any allegation against Bren-Tronics of negligence or other wrongful conduct, either expressed or implied in this paragraph, is denied.

42. This paragraph calls for a legal conclusion and therefore no response is required. However, any allegation against Bren-Tronics of negligence or other wrongful conduct, either expressed or implied in this paragraph, is denied.

43. Denied.

44. This paragraph purports to be a statement of law and therefore no response is required. However, any allegation against Bren-Tronics of negligence or other wrongful conduct, either expressed or implied in this paragraph, is denied.

45. Denied.

46. Denied.

This paragraph is a demand for judgment to which no response is required.

## COUNT III [SIC]

47. The Defendant Bren-Tronics repeats and re-alleges its responses set forth above as if fully set forth herein.

48.-56. Paragraphs 48-56 are directed to a defendant other than Bren-Tronics and thus no response is required. However, any allegation against Bren-Tronics of negligence or other wrongful conduct, either expressed or implied in these paragraphs, is denied.

## AFFIRMATIVE DEFENSES

1. Some or all of Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.  If Plaintiff has been damaged, which Defendant denies, such damages were caused in whole or in part by the negligence/fault of one or more persons/entities for whose conduct the Defendant is not legally responsible.

3.  If Plaintiff has been damaged, which Defendant denies, the negligence or fault of one or more persons/entities for whose conduct the Defendant is not legally responsible constitutes the sole, intervening or superseding cause of Plaintiff's alleged damages.

4.  If Plaintiff has been damaged, which Defendant denies, such damages were caused by one or more unforeseeable intervening and/or superseding event for which the Defendant is not legally responsible.

5.  Plaintiff's claims are barred by the learned intermediary, informed intermediary, and/or sophisticated user doctrines.

6.  If Plaintiff recovers from Defendant, Defendant is entitled to contribution, set-off and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause Plaintiff's alleged damages.

7.  Plaintiff's Complaint must be dismissed because the product at issue has been spoliated and/or altered from its original condition and from its alleged condition at the time of the alleged accident.

8.  If Plaintiff has been damaged, which Defendant denies, such damages were caused because the product, in its original form, was not used for its intended purpose.

9.  Plaintiff's Complaint must be dismissed because of misuse and/or unreasonable use of the product.

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

11. If Plaintiff has been damaged, which Defendant denies, such damages were caused by abuse, misuse, user error and/or modification of the product at issue for which the Defendant is and was in no way responsible/liable.

12. In regard to Plaintiff's claim(s) for breach of warranty, if applicable, the claims are barred or limited by any and all express conditions or disclaimers, by lack of reliance on any such warranties, and/or by waiver.

13. Plaintiff's claims are barred because no timely notice of any alleged defect of the product was given.

14. Any and all alleged risks, hazards, defects or dangers were open, obvious and apparent, natural and inherent and known, or should have been known to the user.

15. Bren-Tronics specifically pleads all affirmative defenses under the Uniform Commercial Code ("UCC") now existing or which may arise in the future, including those defenses provided by UCC §§ 2-607 and 2-709.

16. If the product at issue was defective, which Bren-Tronics expressly denies, the Plaintiff is barred from recovery because the user was aware of the risk of any alleged defect and nonetheless voluntarily and unreasonably proceeded to encounter the known dangers created by the alleged defect.

17. Plaintiff's claims are barred to the extent that the product at issue was altered or modified in such a fashion as to create a defect that could be the proximate cause of Plaintiff's alleged damages.

18. Without admitting that the product at issue was manufactured and/or sold by Defendant, to the extent Defendant had any duty with respect to the sale and/or manufacture of

its products, such duty was fully discharged by the giving of adequate instructions and warnings concerning its use.

19. Plaintiff has failed to join indispensable parties or real parties in interest necessary for the adjudication of this matter.

20. The damages and/or losses sustained by Plaintiff, if any, were directly and proximately caused by and contributed to by Plaintiff's subrogee's own negligence and comparative fault, and therefore any recovery should be diminished, reduced, offset, or barred in accordance with the principles of comparative fault and/or contributory negligence.

21. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted due to lack of adequate product identification.

22. Plaintiff and/or its subrogee has failed to mitigate its damages.

23. The Defendant is entitled to a set-off for any amounts recovered by Plaintiff and/or its subrogee from others.

24. All or part of plaintiff's claims are barred by release.

25. Some or all of Plaintiff's claims and/or alleged damages are barred by res judicata, issue preclusion and/or estoppel.

26. The Defendant states that it intends to rely upon other defenses to the extent applicable and as reflected through discovery and reserves the right to amend this answer to assert those defenses.

## **JURY DEMAND**

Bren-Tronics demands a trial by jury on all issues so triable.

## **CROSS CLAIM OF BREN-TRONICS, INC. AGAINST SAFT AMERICA, INC.**

Defendant Bren-Tronics, Inc. asserts the following Cross Claim against Co-Defendant Saft America, Inc.

1. The Defendant Bren-Tronics, Inc. (hereinafter "Bren-Tronics"), is a New York corporation with an office located at 10 Brayton Court, Commack, New York 11725.

2. Upon information and belief, the Defendant, Saft America, Inc. (hereinafter "Saft"), is a Delaware corporation with a principal place of business located at 850 New Burton Road, Suite 201, Dover, Kent, Delaware 19904.

3. The Plaintiff, Norfolk & Dedham Mutual Fire Insurance Company, As Subrogee of LTI Harvard, Inc., filed a lawsuit in September 2022 against Bren-Tronics and Saft, asserting claims for negligence and breach of implied warranty arising out of a fire that allegedly occurred on June 15, 2019 at a property located at 325 Ayer Road, Harvard, Massachusetts 01451 (the Subject Property), resulting in property damage.

4. In its Complaint, Plaintiff alleges, in part, that the property damage was caused by the negligence of Saft in designing, manufacturing, and/or selling a lithium-ion battery that exploded inside the Subject Property.

### **COUNT I- (Contribution)**

5. Bren-Tronics repeats and incorporates herein by reference its allegations made in paragraphs 1 through 4 of the Cross-Claim as if fully set forth herein.

6. If Bren-Tronics is found legally liable to the Plaintiff, which claimed liability is specifically and expressly denied, then such liability, if any, is also attributable to the acts, errors, or omissions of Saft, for which Bren-Tronics is entitled to contribution from Saft, pursuant to M.G.L. c. 231B.

WHEREFORE, Bren-Tronics, Inc. demands judgment against Saft America, Inc., for its pro rata share of the entire liability pursuant to G.L. c. 231B, together with interest, costs and attorney's fees and such other relief as this Court deems just and proper.

## JURY DEMAND

Bren-Tronics demands a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT BREN-TRONICS, INC.,

By its Attorneys,

Dated: October 21, 2022

_____
Christine A. Knipper, BBO #652638
Christine.Knipper@wilsonelser.com
Anne V. Kim, BBO #679704
Anne.Kim@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, Massachusetts 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

       I, Anne V. Kim, hereby certify that, on October 21, 2022, the foregoing document was filed through the ECF system, the document will be sent electronically to the registered participants, and paper copies will be served via first class mail on those indicated as non-registered participants.

Edward A. Bopp, Esq.
Monahan & Associates, P.C.
113 Union Wharf East
Boston, Massachusetts 02109
ebopp@monahanlaw.net

Paul Michienzie, Esq.
pmichienzie@masatlaw.com
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116

                                                */s/ Anne Kim*
                                                Anne V. Kim