UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ | CIVIL ACTION |
| ) | NO. 1:22-cv-11669 |
| NORFOLK & DEDHAM MUTUAL FIRE ) | |
| INSURANCE COMPANY, as subrogee of ) | |
| LTI HARVARD, INC., ) | |
| ) | |
|      Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BREN-TRONICS, INC. and ) | |
| SAFT AMERICA, INC., ) | |
| ) | |
|      Defendants. ) | |
| _____) | |

**ANSWER OF DEFENDANT, SAFT AMERICA, INC. TO THE CROSS-CLAIM
OF DEFENDANT, BREN-TRONICS, INC. AND JURY DEMAND**

Defendant, Saft America, Inc. ("Saft"), through its undersigned counsel, hereby files

its Answer and Affirmative Defenses to the Cross-Claim of Defendant, Bren-Tronics, Inc.

("Bren-Tronics"), and respectfully submits as follows:

1.     To the extent that the allegations set forth in Paragraph 1 of the Cross-Claim

call for a conclusion of law or do not pertain or relate to Saft, no response is required;

otherwise, Saft lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained therein and calls upon Bren-Tronics to prove same.

2.     To the extent that the allegations set forth in Paragraph 2 of the Cross-Claim

call for a conclusion of law, no response is required.  Notwithstanding the foregoing, Saft

states that Saft America, Inc. is a corporation organized and existing under the laws of the

State of Delaware, with a principal place of business at 850 New Burton Road, Suite 201,

Dover, Kent County, Delaware 19904.

3.      To the extent that the allegations set forth in Paragraph 3 of the Cross-Claim

reference a document which best speaks for itself, calls for a conclusion of law, and does

not pertain or relate to Saft, no response is required.  Notwithstanding the foregoing, insofar

as the allegations are directed to Saft and seek to infer a duty, breach of a duty, negligence,

or liability on the part of Saft, Saft denies the allegations and calls upon Bren-Tronics to

prove same.

4.      To the extent that the allegations set forth in Paragraph 4 of the Cross-Claim

call for a conclusion of law and reference a document which best speaks for itself, no

response is required.  Notwithstanding the foregoing, insofar as the allegations are directed

to Saft and state a duty, breach of a duty, negligence, or liability on the part of Saft, Saft

denies the allegations and calls upon Bren-Tronics to prove same.

## <u>COUNT I – (Contribution)</u>

5.      In response to Paragraph 5 of the Cross-Claim, Saft incorporates and repeats

its responses to Paragraphs 1 through 4 of the Cross-Claim, inclusive, as set forth above,

as if set forth in full herein.

6.      To the extent that the allegations set forth in Paragraph 6 of the Cross-Claim

call for a conclusion of law or do not pertain or relate to Saft, no response is required;

otherwise, Saft denies the allegations contained therein and calls upon Bren-Tronics to

prove same.

## AFFIRMATIVE DEFENSES

By way of further answering, Saft sets forth the following Affirmative Defenses to all causes of action alleged in the Cross-Claim of Bren-Tronics:

### FIRST AFFIRMATIVE DEFENSE

Saft incorporates by reference all defenses set forth by any party, including by Saft, in response to Plaintiff's Complaint, as if fully set forth herein and applicable to Bren-Tronics's Cross-Claim.

### SECOND AFFIRMATIVE DEFENSE

Bren-Tronics's Cross-Claim fails to state a claim upon which relief can be granted and therefore must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### THIRD AFFIRMATIVE DEFENSE

Bren-Tronics was the sole proximate cause of the occurrence, injuries and damages claimed by Plaintiff and in its Cross Claim.

### FOURTH AFFIRMATIVE DEFENSE

The conduct of Saft was not the proximate cause of any injury or damage sustained by Bren-Tronics or Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

It is specifically denied that Saft's product was in a defective or dangerous condition at the time it left the possession and/or control of Saft.

## SIXTH AFFIRMATIVE DEFENSE

Saft states that Plaintiff's and Bren-Tronics's alleged damages were caused by the acts or omissions of third parties for which Saft is not responsible and over whom Saft exercised no control.

## SEVENTH AFFIRMATIVE DEFENSE

Saft states that insofar as Plaintiff and/or Bren-Tronics suffered any damages, the damages were a result of a superseding and/or intervening cause for which Saft is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Bren-Tronics's Cross-Claim does not describe the subject claim with sufficient particularity to enable Saft to determine all of the grounds for its defense.  Saft therefore reserves its rights to assert any additional grounds for its defense that may become available once the precise nature of the claim of Bren-Tronics is ascertained.

**WHEREFORE**, Defendant, Saft America, Inc., having fully answered Defendant, Bren-Tronics's Cross-Claim, respectfully requests this Court to enter its Order:

1. Dismissing Bren-Tronics's Cross Claim with prejudice;

2. Awarding Saft its costs incurred in defending this action; and

3. Awarding Saft such other relief as this Court deems just and proper.

## JURY DEMAND

Defendant, Saft America, Inc., requests a trial by jury on all issues so triable.

By Its Attorneys,

*/s/ Paul Michienzie*
Paul Michienzie, BBO# 548701
   pmichienzie@masatlaw.com
Richard E. Bennett, BBO# 037740
   rbennett@masatlaw.com
Adam C. Brandon, BBO# 625098
   abrandon@masatlaw.com
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: (617) 227-5660
Fax: (617) 227-5882

*Counsel for Defendant, Saft America, Inc.*

Dated:  November 10, 2022

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid on this the 10th day of November, 2022.

                                  */s/ Paul Michienzie*
                                    Paul Michienzie