UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
NORFOLK & AMP; DEDHAM MUTUAL FIRE
INSURANCE COMPANY AS SUBROGOR OF LTI
HARVARD, INC.
    Plaintiff

v.

                                                    C.A. No. 1:22-CV-11669-NMG

BREN-TRONICS, LLC
    Defendant, Third-party plaintiff

v.

GALLEY POWER, LLC
    Third-party defendant
_____

## ANSWER AND DEMAND FOR TRIAL BY JURY OF
## THIRD-PARTY DEFENDANT GALLEY POWER, LLC TO
## BREN-TRONICS, LLC'S THIRD-PARTY COMPLAINT

### PARTIES

1. As to paragraph 1, Third-Party Defendant Galley Power, LLC ("Third-Party Defendant") is without sufficient information to form a belief as to the truth of the allegations and calls upon the Third-Party Plaintiff to prove same.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 does not contain allegations against the answering Third-Party Defendant but is a statement as to the pleading. Therefore, no response is required. To the extent that a response is required, the Third-Party Defendant denies same.

5. Paragraph 4 does not contain allegations against the answering Third-Party Defendant but is a statement as to the pleading. Therefore, no response is required. To the extent that a response is required, the Third-Party Defendant denies same.

6. Paragraph 6 is denied.

7. Paragraph 7 does not contain allegations against the answering Third-Party Defendant but is

   a statement as to the pleading. Therefore, no response is required. To the extent that a response is required, the Third-Party Defendant denies same.

8. Paragraph 8 does not contain allegations against the answering Third-Party Defendant but is a statement as to the pleading. Therefore, no response is required. To the extent that a response is required, the Third-Party Defendant denies same.

9. Paragraph 9 does not contain allegations against the answering Third-Party Defendant but is a statement as to the pleading. Therefore, no response is required. To the extent that a response is required, the Third-Party Defendant denies same.

10. Paragraph 10 does not contain allegations against the answering Third-Party Defendant but is a statement as to the pleading. Therefore, no response is required. To the extent that a response is required, the Third-Party Defendant denies same.

## COUNT I
## Contribution

11. The Third-Party Defendant repeats its prior responses to Paragraphs as if fully set forth herein.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

   WHEREFORE, the Third-Party Defendant denies that the Third-Party Plaintiff is entitled to judgment in any amount and further prays this Honorable Court to enter judgment for the Third-Party Defendant, plus costs, interest and attorneys' fees.

## AFFIRMATIVE DEFENSES

1. By way of affirmative defense, the Third-Party Defendant states that if the Plaintiff and/or Third-Party Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Third-Party Defendant was not and is not legally responsible.

2. By way of affirmative defense, the Third-Party Defendant states that the negligence of the Plaintiff and/or Third-Party Plaintiff was greater than the alleged negligence of the Third-Party Defendant and that such negligence of the Plaintiff and/or Third-Party Plaintiff contributed to their alleged injury and, therefore, the Plaintiff and/or Third-Party Plaintiff is barred from recovery under M.G.L. c. 231, §85.

3. By way of affirmative defense, the Third-Party Defendant states the Plaintiff and/or Third-Party Plaintiff was guilty of contributory negligence and that the damages, if any, recovered

       by the Plaintiff and/or Third-Party Plaintiff from the Third-Party Defendant should be reduced in proportion to the said negligence of the Plaintiff and/or Third-Party Plaintiff in accordance with M.G.L. c. 231, §85.

4. By way of affirmative defense, the Third-Party Defendant states that the Plaintiff and/or Third-Party Plaintiff's Complaint fails to state a claim upon which relief may be granted.

5. By way of affirmative defense, the Third-Party Defendant denies it was negligent in any manner.

6. By way of affirmative defense, the Third-Party Defendant states that at the time of the alleged incidents and/or events as alleged in the Complaint, the Plaintiff and/or Third-Party Plaintiff was not in the exercise of due care and, therefore, plaintiff may not recover.

7. By way of affirmative defense, the Third-Party Defendant states that the Plaintiff and/or Third-Party Plaintiff's negligence, in whole or in part, was the cause of any alleged injuries or damage and that such negligence was 50% or more of the total negligence, thus barring a recovery by plaintiff from the Third-Party Defendant; or that such negligence was less than 50%, thus reducing plaintiff's recovery in proportion to plaintiff's negligence, all in accordance with M.G.L. c. 231, §85.

8. By way of affirmative defense, the Third-Party Defendant states that because discovery is just beginning, it reserves the right to assert additional affirmative defenses.

9. By way of affirmative defense, the Third-Party Defendant states that the Plaintiff and/or Third-Party Plaintiff is barred from recovery by the applicable statute of frauds and/or statute of repose.

10. The Third-Party Defendant specifically avers that at all times material to this action, it exercised due and reasonable care.

    By way of affirmative defense, the Third-Party Defendant says that the Court lacks subject matter jurisdiction.

11. By way of affirmative defense, the Third-Party Defendant says that there was insufficiency of service of process.

12. By way of affirmative defense, the Third-Party Defendant asserts the defense of laches.

13. The injury and/or damage of the Plaintiff and/or Third-Party Plaintiff was caused if at all, by the act or acts and/or omission or omissions of an independent third party or independent third parties for whose conduct the Third-Party Defendant is not legally responsible.

14. By way of affirmative defense, the Third-Party Defendant says that plaintiff has failed to mitigate damages.

15. By way of affirmative defense, the Third-Party Defendant says that the Plaintiff and/or Third-Party Plaintiff's alleged damages were the result of unrelated, pre-existing, or subsequent conditions unrelated to the Third-Party Defendant or the incident alleged in the Complaint.

16. By way of affirmative defense, the Third-Party Defendant states that the Plaintiff and/or Third-Party Plaintiff has waived its right to subrogation pursuant to a corresponding contractual clause.

17. By way of affirmative defense, the Third-Party Defendant asserts the defenses of estoppel, laches, release, intervening and supervening causes, statute of repose, statute of limitations, waiver, failure of condition precedent, discharge, failure to plead with particularity, indemnity, and breach of contract by plaintiff's insured.

**THIRD-PARTY DEFENDANT DEMANDS A JURY TRIAL AS TO ALL ISSUES.**

Respectfully submitted,
Third-Party Defendant,
Galley Power, LLC,
By its attorney,

/s/Cristina M. Esposito
Cristina Esposito, BBO #693658
Law Offices of Patricia C. Fraizer
100 High Street, Suite 610B
Boston, MA 02110
(617) 217-2962
Cristina.Esposito@thehartford.com
Fraizer.Law@thehartford.com

## **CERTIFICATE OF SERVICE**

      Pursuant to L.R. 5.2(b), I hereby certify that I have served a true copy of this document via Notice of Electronic Filling for parties and counsel who receive electronic notice by the CM/ECF system and via first class mail for parties and counsel who do not receive electronic notice by the CM/ECF.

Dated this 21st day of November, 2022.　　　*/s/Cristina M. Esposito*
　　　　　　　　　　　　　　　　　　　　　　Cristina M. Esposito